UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KALAMATA IP, LLC,

    Plaintiff,

v.

FIRST WATCH RESTAURANTS, INC.,

    Defendant.
                                  /

Case No. 2:19-cv-13534

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER DENYING
DEFENDANT'S MOTION TO DISMISS [8]**

On November 27, 2019, Plaintiff Kalamata IP, LLC, filed the present action and alleged that Defendant First Watch Restaurants, Inc., infringed its "Power Bowl" trademark. ECF 1. On April 15, 2020, Defendant filed a motion to dismiss the complaint pursuant to Civil Rule 12(b)(6) for failure to state a claim on which relief can be granted. ECF 8. The Court reviewed the briefs and finds that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the following reasons, the Court will deny the motion.

### BACKGROUND[1]

Plaintiff has used the phrase "POWER BOWL" in reference to "entrees and salads consisting primarily of processed grains and also featuring vegetables, meat, and/or poultry" in commerce "since at least February 2013." ECF 1, PgID 3. On

---

[1] On a motion to dismiss, the Court must view all facts in the light most favorable to the non-moving party. *See Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). The Court's recitation of the background facts reflects only that obligation and therefore does not constitute a finding of fact.

1

October 15, 2013, Plaintiff obtained a federal trademark for the phrase. *Id.* In addition to using the mark itself, Plaintiff licenses the mark to several other restaurants and companies. *Id.* at 3–4. Plaintiff has not licensed the mark to Defendant, but Defendant nonetheless features a category on its menu titled "Power Bowls." *Id.* at 5. Plaintiff filed the present action against Defendant for trademark infringement in violation of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a), false advertising and false designation of origin in violation of the Lanham Act, 15 U.S.C. § 1125(a), common law trademark infringement and unfair competition, and violations of the Michigan Consumer Protection Act ("MCPA"), Mich. Comp. Laws § 445.903(1).

In response, Defendant filed the present motion to dismiss the case and argued that Plaintiff failed to allege an instance of Defendant using the phrase *as a trademark*. ECF 8. Defendant claimed that it has been using the phrase "Power Bowls" for a category of foods it offers at its restaurants since January 2013—before Plaintiff's first alleged use of the phrase. *Id.* at 65. Defendant argued that its menu uses the phrase only as a "generic food category, just like 'Classic Favorites,' 'Salads,' 'Sandwiches,' 'From the Griddle,' and 'Omelets and Frittatas.'" *Id.* Defendant further argued that the phrase "Power Bowls" is often used by restaurants, individuals, and media sources as a generic food category. *Id.* at 66–67.

## LEGAL STANDARD

When analyzing a motion to dismiss under Civil Rule 12(b)(6), the Court views the complaint in the light most favorable to the non-moving party, presumes the truth

of all well-pleaded factual assertions, and draws every reasonable inference in favor of the non-moving party. *Bassett* 528 F.3d at 430. To survive a motion to dismiss, Plaintiff's "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Nat'l Hockey League Players Ass'n v. Plymouth Whalers Hockey Club*, 419 F.3d 462, 468 (6th Cir. 2005) (citation omitted). The complaint must allege facts "sufficient 'to raise a right to relief above the speculative level,' and to 'state a claim to relief that is plausible on its face.'" *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)).

## DISCUSSION

I. <u>Lanham Act Trademark Infringement</u>

Defendant spent the majority of the motion addressing Plaintiff's Lanham Act trademark infringement claim. *See generally*, ECF 8. Defendant argued that its use of "Power Bowls" is a non-trademark use of the phrase and that Plaintiff's complaint therefore fails on its face. *See id.* at 73.

The Sixth Circuit has addressed arguments like the one Defendant raised in two separate ways. In one line of cases, the Sixth Circuit posed a "preliminary question" in trademark cases "about whether defendants are using the challenged mark in a way that identifies the source of their goods" and held that if the answer is no, defendants are using the mark in a non-trademark way and "trademark infringement and false designation of origin laws do not apply." *Interactive Prods. Corp. v. a2z Mobile Off. Sol., Inc.*, 326 F.3d 687, 695 (6th Cir. 2003) (citation omitted);

3

*see also Kassa v. Detroit Metro Convention & Visitors Bureau*, 672 F. App'x 575, 576 (6th Cir. 2017) (citation omitted). The Sixth Circuit employed the preliminary question as an initial step within its analysis of whether a challenged use of a mark is "likely to cause confusion"—one of three necessary elements of a Lanham Act trademark infringement claim. *Hensley*, 579 F.3d at 609–10 (citation omitted).

In its second line of cases, when a mark is used in a context that a defendant argued was purely descriptive, the Sixth Circuit addressed the affirmative defense of "fair use" that is given in the Lanham Act, 15 U.S.C. § 1115(b)(4). *See ETW Corp. v. Jireh Pub., Inc.*, 332 F.3d 915, 920 (6th Cir. 2003) (citations omitted); *Herman Miller, Inc. v. Palazzetti Imp. & Exp., Inc.*, 270 F.3d 298, 219 (6th Cir. 2001). To mount a successful fair use defense, a defendant must show that it "used the mark: (1) in its descriptive sense; and (2) in good faith." *ETW*, 332 F.3d at 920 (citations omitted). Here, Defendant's motion to dismiss based on the cited second line of cases is premature. If Defendant intended to mount a fair use defense, a motion to dismiss is not the proper vehicle to raise the defense when, as here, the elements of the defense are not apparent on the face of the complaint. *See, e.g., Balsley v. L.F.P., Inc.*, No. 1:08 CV 491, 2008 WL 11378897, at *3 (N.D. Ohio Dec. 2, 2008).

And even if Defendant instead intended to rely solely on the preliminary question of whether its use of Plaintiff's mark was in fact a trademark use, the present case is distinguishable from *Kassa* and *Hensley*. *See* ECF 13, PgID 317–18. In *Kassa*, the Sixth Circuit affirmed the district court's order dismissing the case because the defendant's alleged use of the trademarked phrase "Welcome to the D"

4

was a mere greeting on banners and did "not advertise any goods or services" nor "suggest any association between" the major sporting events they featured and the plaintiff. *Kassa*, 672 F. App'x at 576. Similarly, in *Hensley*, the plaintiff alleged only that the defendant accurately identified the person who designed its product by his legal name in its advertisements for that product. *Hensley*, 579 F.3d at 610–11. The allegations here, however, are more nuanced.

The "ultimate issue" as to whether Defendant's allegedly infringing use of Plaintiff's mark was a trademark use is whether the use "is likely to cause confusion among consumers regarding the origin" of Defendant's "Power Bowls" menu items. *See Interactive Prods.*, 326 F.3d at 696; *see also Hensley*, 570 F.3d at 610. Plaintiff alleged that Defendant used the mark to advertise particular food items for sale in a substantially similar way to how Plaintiff itself uses the mark. *Compare* ECF 1, PgID 4 (graphic demonstrating how Plaintiff uses the mark) *with* ECF 1, PgID 6 (graphic demonstrating Defendant's allegedly infringing use of the mark). Unlike in *Kassa*, Defendant's allegedly infringing use of Plaintiff's trademark did advertise goods: namely, certain food items that Plaintiff sells in its restaurants. ECF 1 PgID 5–7. And the alleged use did not resemble the situation in *Hensley* during which a company accurately named the person who designed a product but whose last name happened to be trademarked by his former company with which he was no longer associated. *See Hensley*, 579 F.3d at 611.

Plaintiff alleged enough to state a plausible claim that Defendant's use is likely to cause confusion about the origin of Defendant's "Power Bowls." Plaintiff alleged

5

that "Defendant's use of 'POWER BOWL' is substantially identical to Plaintiff's use of its POWER BOWL® trademark." ECF 1, PgID 7. And, as noted above, Plaintiff included graphics to demonstrate the veracity of that claim. *See id.* at 4, 6. Plaintiff further alleged that "[a]s a result of significant advertising and promotion by Plaintiff and its Licensees . . . and the maintenance of premium quality standards . . . Plaintiff's POWER BOWL® name and mark have become favorably known to the public . . . as a distinctive indication of origin[.]" *Id.* at 5.

Because the question of whether a particular use of a trademarked phrase is a trademark use turns on the likelihood that consumers will be confused about a product's origins, the Court cannot credit Defendant's arguments without considering facts outside the pleadings. For example, to determine that consumers would perceive Defendant's "Power Bowls" menu category as merely a generic food category rather than as the allegedly favorably known product created by Plaintiff and its licensees, the Court would have to look at sources like those cited in and attached to Defendant's motion, *see* ECF 8, PgID 67–68; ECF 8-2–8-16, as well as sources about the prevalence and reputation of Plaintiff and its licensees' products. The Court cannot properly make that type of determination when it resolves a Rule 12(b)(6) motion to dismiss. The Court will therefore deny Defendant's motion as to Plaintiff's Lanham Act trademark infringement claim.

II.   Other Claims

Defendant sought to dismiss Plaintiff's other claims solely by reference to its analysis regarding Plaintiff's Lanham Act trademark infringement claim. *See* ECF 8,

6

PgID 77. Because the Court will deny Defendant's motion as to Plaintiff's Lanham Act trademark infringement claim, it will accordingly also deny the motion as to Plaintiff's other claims.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Defendant's motion to dismiss [8] is **DENIED**.

**SO ORDERED**.

                                                          s/ Stephen J. Murphy, III  
                                                          STEPHEN J. MURPHY, III  
                                                          United States District Judge

Dated: July 13, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 13, 2020, by electronic and/or ordinary mail.

                                                          s/ David P. Parker  
                                                          Case Manager